

July 26, 2011

**PRIVILEGED AND CONFIDENTIAL SETTLEMENT COMMUNICATION**

VIA FACSIMILE AND EMAIL

Robert Gray, Esq.
9219 S. Indianapolis Blvd., Suite A
Highland, Indiana 46322
Ofc (219) 961-8318 and Fax (866) 277-8885

    Re: IWC v AbsolutelyNew & Castello

Dear Bob,

I must say that I am disappointed that you continue to refuse to cooperate at all in even the most minor of scheduling matters or discovery disputes. Although stipulating to fax and/or email service usually aides both parties without prejudicing either, you have refused to do so. I hope that your reason for refusing is that service is effective when made electronically through the Court's Electronic Filing System, and not due to any desire to create unnecessary hardship for Defendants and their counsel.

ANI has stated well-founded objections to your discovery demands and I have offered several times to try to resolve the objections, including a meet and confer conference. I have also drafted, and transmitted to you, a proposed Protective Order necessary to protect ANI's privileged and trade secret information. You have refused every one of my entreaties and have not even been willing to discuss ANI's most basic objection that the compound form of almost all of your discovery requests makes the total more numerous than allowed under the FRCP. The 7th Circuit's Rules of Professional Conduct are included as Exhibit 4 to my Declaration in Defendant's Motion for Relief, and attached hereto. It would make both of our lives much easier if you would abide by them.

When you last inquired about which discovery objections might be resolvable by a Protective Order, I told you that ANI's response to each such discovery demand specifically stated the need to have a protective order in place before ANI would produce responsive documents or answers. ANI's responses that do not mention a protective order fall outside its purview. Your response that you would take a closer look at ANI's responses and objections was positive, if not particularly encouraging. If you have still not reviewed ANI's objections and responses, I suggest that you do so to enable us to work through them, if possible.

As for your second question regarding the identity of the "persons most familiar with the financial books and records of the company" – this appears to be a new interrogatory since I cannot find another that modifies "books and records" with the term "financial." Unfortunately, its compound Interrogatories push IWC well past the FRCP limit. Thus, IWC would need leave of court to propound more interrogatories. However, IWC may be in luck because, despite its legitimate objections to IWC's Demands, ANI has in good faith identified many people by name and provided substantive Responses to all but a few of the Protective

Order required IWC Demands – some Responses of which serendipitously answer your second question. ANI has stated well-founded objections, too. And, as discussed, you have refused to address a single one of ANI's objections.

Lastly, you and your client may benefit from reassessment of your case in light of its deficiencies that Defendants have pointed out in their moving papers. Throughout the Complaint, the facts you have alleged are conclusory. Most are stated "on information and belief" when many should not require such equivocation if they are to support the cause of action. Furthermore, the intentional nature of the causes you have alleged all require greater specificity in pleading, alleging at least one fact of wrongdoing, falsity or other culpability. IWC's Complaint contains none. If you conclude that you must amend the Complaint, that would nicely end the labor an heartache we are all needlessly enduring by maintaining and contesting the disfavored default.

I would welcome your position and argument as to why any of ANI's objections or positions are not well-founded. I really would like to work things out without unnecessary expense and time consumption. Otherwise, it appears that I will be forced to seek a protective order unilaterally.

Sincerely,
ABSOLUTELYNEW, INC.

Anthony R. Flores, Esq.
VP-Legal & General Counsel

Attached: Current Rules of Professional Conduct for the Seventh Circuit.