**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT ILLINOIS EASTERN DIVISION**

| | |
|---|---|
| Invent WorldWide Consulting, LLC<br>An Illinois Limited Liability Company;<br>Plaintiff,<br><br>vs.<br><br>AbsolutelyNew, Inc., a California Corp.;<br>Jose Miguel Castello, Individually and<br>d/b/a "SellMyInventionIdea.com"; Michael<br>Torbert, Individually and d/b/a Semper Fi<br>Web Design, and Unknown John Does;<br>Defendants. | **DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR OSC RE CONTEMPT FOR NON-PAYMENT**<br><br>Case No.      11-CV-01619<br><br>Judge Rebecca Pallmeyer<br>Magistrate Judge Arlander Keys |

**INTRODUCTION**

Come now, Defendants JOSE CASTELLO ("Castello") and ABSOLUTELYNEW, INC. ("ANI") who, by their attorney Anthony R. Flores, request that the Court not find the Defendant or their counsel in contempt for failure to comply with the court's order regarding payment of $10,000. The Defendants' failure to pay was not willful and will be remedied by half payment on Tuesday, October 4, 2011 and full payment by October 7, 2011.

Granting this request will not prejudice Plaintiff and there is a question whether Plaintiff has standing for this motion because no funds are available to it upon deposit with the court. Plaintiff will not be entitled to any of the deposited funds until after a hearing to determine whether Defendants caused delay to Plaintiff, and if so, the reasonable attorney fees incurred due to such delay. Nonetheless, Defendants have a strong incentive to brief and have the fee motion heard as quickly as possible because they believe they caused no delay and that Plaintiff is not entitled to associated attorney fees.

## DISCUSSION

### Failure to Pay Was Not Willful.

Defendants had, and have, every intention of complying with the order by paying the $10,000 to the court as soon as they could. They never intended to defy the court or refuse to pay at all. Defendants were delayed in paying due to their lack of assistance from counsel and lack of liquid assets. They will have paid the full amount ordered by Friday, October 7, 2011.

Counsel Unavailable. As stated in Defendants' Opposition to Plaintiff's 3 Motions, Defendants' counsel was not available to assist Defendants from the weekend after the Thursday hearing until Thursday, September 29, 2011 due to the death of his mother and matters related to her estate. Mr. Flores is the sole in-house counsel and the only attorney capable of handling these matters for the Defendants. While Defendants were aware of the sum ordered for payment, counsel was needed to facilitate the payment to the court.

Now that counsel is available and working toward that end, one-half of the amount ($5000.00) will be paid on Tuesday, October 4, 2011, and the remaining half ($5000.00) will be paid by Friday, October 7, 2011. Thus, compliance may be slightly later than ordered, but it will be in place before anyone is prejudiced.

Lack of Liquidity. Defendant AbsolutelyNew's business is a comprised of inventor services and contract manufacturing of innovative products for sale to large North American retailers. The inventor services business has always been weakest

during the late summer months and picks up as people return to school and work after vacations. Furthermore, the retail sales business peaks during the 4th Quarter due to holiday sales. The retailers all require delivery of their goods to the ports or Distribution Centers during the 3rd Quarter (now) so they can be in the stores in time for the holiday sales. For this reason AbsolutelyNew has almost all of its assets tied up in the inventory it has paid to manufacture and deliver in the 2nd and 3rd Quarters. AbsolutelyNew will begin receiving payment on these delivered goods in October – usually 30 to 60 days after delivery to the retailer.

The timing of this annual cycle for inventor services and retail sales, combined with the tight credit in today's market, means that AbsolutelyNew has not had cash available to pay the sum ordered by the court until it receives payment for some of the goods delivered last Quarter.

Defendant Castello is a young man just out of college without substantial assets. His salary as an employee of AbsolutelyNew is less than $40,000.00 per year. He has needed some time to raise the money to contribute to the payment ordered by court. He is only now able to participate in the payment to the court this week.

**Defendants' Counsel Cannot be Held in Contempt for Facilitating, not Impeding, Payment Without Control Over Payment.**

Defendants' and their counsel have a difficult time understanding the basis for Plaintiff's continued personal attacks on Defendants' counsel, including this request for personal sanctions. Defendants' counsel has made it clear many times that he does not have corporate authority to write checks or otherwise authorize payments on behalf of AbsolutelyNew, Inc. There is no evidence that counsel intentionally delayed

payment to the court. On the contrary, counsel was able to facilitate payment once he was back in the office.

That Plaintiff would seek an order of personal contempt and sanctions against Defendants' counsel for acts occurring during the period when counsel's mother was dying and being mourned feels like intentional infliction of further distress borne out of some undeserved personal animosity. There is no basis for finding Defendants' counsel in contempt for matters relating to payment of the ordered sum.

## CONCLUSION

Defendants request that the court take no action on Plaintiff's motion and find that neither Defendants, nor their attorney, is in contempt with regard to the court's September 15, 2011 order.

I declare under penalty of perjury that the forgoing assertions are true and correct and of my personal knowledge. If called to testify as to the matters asserted above, I could do so competently. Executed October 3, 2011 at San Francisco, California

Dated: October 3, 2011

COUNSEL FOR DEFENDANTS JOSE
CASTELLO AND ABSOLUTELYNEW, INC.

_____/s/_____
Anthony R. Flores
AbsolutelyNew, Inc.
tflores@absolutelynew.com
650 Townsend Street, Suite 475
San Francisco, California 94103
(415) 865-6200 x1123

<u>PROOF OF SERVICE</u>

I am employed in the City and County of San Francisco, State of California. I am over the age of eighteen years and not a party to the within action; I am employed by AbsolutelyNew, Inc. and our business is located at 650 Townsend Street, Suite 475, San Francisco, California 94103.

On October 3, 2011, I caused to be served a true and correct copy of: **DEFENDANTS' MOTION TO CONTINUE THE HEARING OF PLAINTIFF'S MOTION TO REINSTATE DEFAULT AND ENTER DEFAULT JUDGMENT** on Plaintiff by sending a true and correct copy thereof addressed as follows:

Robert W. Gray, Sr.
The Gray Law Group, Ltd.
9219 S. Indianapolis Blvd., Suite A
Highland, Indiana 46322
Fax: (866) 277-8885 Email: robertgray2@gmail.com

\_\_     (BY MAIL) The envelope was mailed with postage thereon fully prepaid U.S. Mail. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. It is deposited with U.S. Postal Service on that same day. I am aware that on motion of a party served, service is presumed invalid if the postal cancellation date is more than one day after date of deposit for mailing an affidavit.

\_\_     (BY PERSONAL SERVICE) I delivered such envelope by hand to the office of the addressee listed above.

\_\_     (BY EXPRESS MAIL/OVERNIGHT DELIVERY) I deposited the foregoing during normal business hours with an authorized service providing and ensuring overnight delivery of the foregoing and with the full postage or charges for such fully prepaid

<u>XX</u>     Via E-Mail to the e-mail address of the addressee listed above in the CM/ECF electronic filing system of the U.S. District Court.

\_\_     Via Facsimile to the fax number of the addressee listed above.

<u>XX</u>     (FEDERAL) I declare that I am a member of the bar of the Federal court.


Date:   October 3, 2011            _____/s/_____
                                            Anthony R. Flores