IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT ILLINOIS EASTERN DIVISION

| | |
|---|---|
| Invent WorldWide Consulting, LLC<br>An Illinois Limited Liability Company;<br>Plaintiff,<br><br>vs.<br><br>AbsolutelyNew, Inc., a California Corp.;<br>Jose Miguel Castello, Individually and<br>d/b/a "SellMyInventionIdea.com"; Michael<br>Torbert, Individually and d/b/a Semper Fi<br>Web Design, and Unknown John Does;<br>Defendants. | DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS [FRCP 12(B)(6)]<br><br>Case No.   11-CV-01619<br><br>Judge Rebecca Pallmeyer<br><br>Magistrate Judge Arlander Keys |

## I. INTRODUCTION

Defendants JOSE MIGUEL CASTELLO ("Castello") and ABSOLUTELYNEW, INC. ("ANI") submit this motion To Dismiss the Complaint of Plaintiff, INVENT WORLDWIDE CONSULTING, LLC ("IWC") under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

Each of the five counts of Plaintiff's Complaint contains fatal defects preventing each from properly stating a cause of action upon which relief can be granted. In response to the Memorandum in Support of Plaintiff's Response to Defendants' Motion to Dismiss, Plaintiff does not address the defects present in the Complaint, and therefore Plaintiff's Complaint must be dismissed for the following reasons.

## II. ARGUMENT

**1. Paragraph 44 of the Complaint is Relied Upon, But Insufficient to Support the Counts for Trademark Infringement, Lanham Act Unfair Business Practices, the Illinois Consumer Fraud Act or Trade Defamation**

Each of Plaintiff's arguments in Opposition to the Motion relies on the facts alleged on "information and belief" in Paragraph 44 of the Complaint. Unfortunately for Plaintiff (and anyone trying to decipher the Complaint), ¶44 is deficient on many

levels and cannot support any of the four counts argued in the Opposition. (The copyright infringement count is not discussed and has apparently been abandoned.)

Because of its ubiquitous reliance, the entirety of paragraph 44 of Plaintiff's complaint is reproduced below:

> "44. **On information and belief,** Defendants' website is intended to deceive and confuse consumers in that:
> 
> a. The website does not identify AbsolutelyNew as the source of the information.
> b. The website does not identify the source of information at all.
> c. The website claims to be 'purely for informational purposes' at the bottom of every page where, in fact, the purpose of the site is to drive Internet traffic to Defendants' site or to otherwise profit Defendants. *See Exhibits C-G, true and correct depictions of the Defendants' website* (sic)
> d. The website proclaims:
> 'If you've come up with an invention idea and are looking to sell it, you should add this page to your favorites, because everything you need to know will be right here. We have researched invention promotion companies as well as patents and licensing agreements and what they entail. From scams, to the legitimate invention promotion companies, we've exposed them all right here.' *See Exhibit J, a true and correct depiction of the Defendants' website as it appeared on March 4, 2011.*
> e. The website depicts Defendant AbsolutelyNew as
> 'AbsolutelyNew is a start up and venture backed product development firm in San Francisco. Right by the Silicon Valley, not a bad place to be when you want to launch an innovative invention.
> One thing that really adds comfort about AbsolutelyNew is their disclosure of their management and members of the Board of Directors. No other company discloses anyone other than their CEO. You can see a list of AbsolutelyNew's board of directors as well as more information about the members of the management team. It seems like every invention company posts up logos of every major retailer they can think of, but AbsolutelyNew is the only one that has hard evidence of connections to these companies. Unfortunately, in the business world, it's all about who you know.

> Fortunately, money can buy you these connections if you invest in your invention with AbsolutelyNew. But unfortunately again, the money part. Their "A-" rating on the Better Business Bureau website is the result of 5 complaints against AbsolutelyNew in the past 36 months (as of October, 2010). They are also certified by the United Inventors Association which does full company probes and investigations before certifying companies. Finally, the biggest comfort about AbsolutelyNew is that they have Jon Dudas, the previous Director of the USPTO on their advisory board. It's interesting to see Jon Dudas picked AbsolutelyNew of all the invention companies available. Having an industry expert like Jon Dudas pick AbsolutelyNew would make me feel much more comfortable with my invention and this company.' *See Exhibit K, a true and correct depiction of the Defendants' website and its "critique" of Defendants' business.*
> f. Defendants' website fails to mention the Complaints about Defendant AbsolutelyNew, posted on the United States Patent and Trademark Office website." Emphasis added.

Plaintiff's alleges facts, on information and belief, regarding ownership and what Plaintiff thinks should be stated on Castello's website. What Plaintiff has not done in ¶44, however, is to allege why these facts are important and how they relate to any of the causes of actions in the Complaint. Plaintiff does not allege here or anywhere else in the Complaint, that anything on Castello's website is false. Read closely, the Opposition to the motion tries to conjure up allegations of falsehood from the Complaint, but never cites to any such language in the Complaint. That is because there is no such allegation. Smoke and mirrors cannot create such an allegation, either.

A. <u>The Trademark Infringement Cause of Action Fails Because it Fails to (and Cannot) Allege That Defendants' Use of Plaintiff's Mark Created a Likelihood of Confusion as to the Source of Goods or Services.</u>

Plaintiff properly lists the elements of a trademark infringement claim in its memorandum for support. A claim for trademark infringement requires pleading (1) Plaintiff owns a mark; (2) Defendant used the mark in interstate commerce; and (3)

Defendant's **use of the mark is likely to cause confusion among consumers as to the source, sponsorship, affiliation or connection of the goods or services.** *Ty, Inc. v. Jones Group, Inc.*, 237 F.3d 891, 897 (7th Cir. 2001) Emphasis added. Plaintiff has not successfully pled the third element of a trademark infringement claim.

Paragraph 44 alleges that Castello's website lack of information regarding who owns and maintains the website. Plaintiff mixes up "confusion regarding the website owner" with "use of the trademark causing confusion regarding the source of services." Plaintiff has not alleged that Defendant's use of Plaintiff's trademark is likely to confuse consumers regarding the source, sponsorship or affiliation of Plaintiff's services. As seen in Exhibits C through K to the Complaint, on Castello's website Plaintiff's mark is only used to identify Plaintiff's services and Plaintiff's business. Plaintiff does not allege that Castello used a confusingly similar mark. Nor does Plaintiff allege that Castello used Plaintiff's mark to pass his products off as Plaintiff's.

In sum, Plaintiff has not alleged either of the types of "likelihood of confusion" necessary for a trademark infringement claim. Therefore, Plaintiff's trademark infringement count must be dismissed.

Defendants Fair Use discussion is an argument for extension of existing law in light of Twombly and Iqbal and the 9th Circuit's interpretation of the DMCA requiring consideration of Fair Use before issuing a takedown notice. As a policy matter, the serious consequences of being forced to defend an unjust Trademark Infringement action militate such a requirement even more than the consequences of a DMCA takedown notice.

Plaintiff's references to cases allowing use of meta tags to constitute trademark infringement because those cases either involved actual confusion regarding the source of the plaintiffs goods or services or they are more properly viewed as unfair trade practices that divert traffic from Plaintiff's location to Defendants' location – never to return. Plaintiff has not, and cannot, allege real trademark infringement under the circumstances of this case.

### B. Plaintiff's Cause of Action For Lanham Act Unfair Business Practices Fails Because Plaintiff has not Alleged Either Likelihood of Confusion or False Advertising

Plaintiff has not sufficiently alleged which section of Lanham Act that offers a remedy for it against Defendants' alleged actions. Under Lanham Act §1125(a)(1), there are two separate cause of actions for unfair business practices, namely: likelihood of confusion as described in §1125(a)(1)(A), and false advertising under §1125(a)(1)(B).

The Lanham Act § 1125(a)(1) provides:

> "Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which (A) <u>is likely to cause confusion</u> or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or (B<u>) in commercial advertising or promotion</u>, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services or commercial activities, shall be liable in a civil action by any person who believes that he or she is likely to be damaged by such act." (Emphasis added).

Section 1125(a)(1) "does not have boundless application as a remedy for unfair trade practices." *Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23, 29, 123 S.Ct. 2041, 156 L.Ed.2d 18 (2003). Further, "because of its inherently limited wording, § 43(a) can never be a federal `codification' of the overall law of `unfair competition,'" *McCarthy*, Trademarks and Unfair Competition, § 27:7, p. 27-14 (4th Ed.2002), but can only apply to certain unfair trade practices prohibited by its text. *Dastar*, 539 U.S. at 29, 123 S.Ct. 2041. Therefore, Plaintiff's request for redress under Lanham Act must fall within the two prongs available under Lanham Act's §1125(a)(1).

Under the likelihood of confusion prong , courts typically use a multi-factor test to determine the likelihood of confusion, comprising of: (1) the strength of plaintiff's trademark; (2) the relatedness of the goods; (3) the similarity of the trademarks; (4) the evidence of actual confusion; (5) the marketing channels used; (6) the likely degree of purchaser care; (7) the defendant's intent in selecting the trademark; and (8) the likelihood of expansion of product lines. *Barbecue Marx. Inc. v. 551 Ogden, Inc.,* 235 F.3d 1041, 1043-44 (7th Cir.2000). Similar to trademark infringement, Plaintiff must allege that Defendants' use of the mark is likely to confuse customers as to the origin of the services. *Id.*

In this case, Plaintiff has not alleged that Defendant Castello's use of the mark is likely to confuse its customers as to the origin of the services. Once again, ¶44 of alleges the website is intended to confuse consumers when it fails to disclose who owns and maintains the website, and that it sheds a positive light in AbsolutelyNew's services. Plaintiff has not alleged that the website's use of Plaintiff's mark is likely to confuse its consumer as to the origin of any services. Much like the trademark infringement cause of action, Plaintiff's allegations speak to the likelihood of confusion of who runs and owns the web page, not the confusion of the sources of the services. Plaintiff has not met the pleading requirements of the likelihood of confusion prong of the Lanham Act.

Lanham Act § 1125(a)(1)(B) specifically covers only for "commercial advertising or promotion." *Sanderson v. Culligan Intern. Co.,* 415 F.3d 620, 624 (7th Cir.2005); *First Health Group Corp. v. BCE Emergis Corp.,* 269 F.3d 800, 803 (7th Cir.2001). Plaintiff has not alleged that Defendant Castello's website constitutes commercial advertising or promotion that misrepresents Plaintiff's business.

> "To establish a claim under the false or deceptive advertising prong of … the Lanham Act, a plaintiff must prove (1) a false statement of fact by the defendant in a commercial advertisement about its own or another's product; (2) the statement actually deceived or has the tendency to deceive a substantial segment of its audience; (3) the deception is material, in that it is likely to influence the purchasing decision; (4) the defendant caused its false statement to enter interstate commerce; and (5) the plaintiff has been or is

likely to be injured as a result of the false statement, either by direct diversion of sales from itself to defendant or by a loss of goodwill associated with its products." *Hot Wax, Inc. v. Turtle Wax, Inc.*, 191 F.3d 813, 820 (7th Cir.1999).

Plaintiff's complaint only alleges that Defendants actions constitute unfair and deceptive business practices under the Lanham Act. Complaint, ¶71. Plaintiff has not alleged or identified (1) that any statement made by Defendants is false or (2) that any statement actually deceived or had the tendency to deceive a substantial segment of Plaintiff's client base. Thus, it is unsuccessful in establishing a claim under the Lanham Act under *Hot Wax, Inc*. Furthermore, Plaintiff has not alleged that the content of the web site constitutes an advertisement or promotional material as required in Lanham Act § 1125(a)(1)(B) in order to state a cause of action for false advertising.

C. **Plaintiff's Claim under Illinois Consumer Fraud and Unfair Business Practices Act.**
  i. **Plaintiff's Claim Fails because It Does not Meet Rule 9(b)'s Heightened Pleading Requirements for Allegations of Fraud.**

Plaintiff's allegations of fraudulent conduct under the Act (Complaint at ¶ 79) must be pled with the heightened particularity required by FRCP 9(b). The 7th Circuit has ruled that a plaintiff generally cannot satisfy the particularity requirement of rule 9(b) with allegations made on information and belief. *Pirelli Armstrong Tire Corp. v. Walgreen Co.*, 631 F. 3d 436, 442 (7th Cir. 2011). When a plaintiff sets out allegations on information and belief, he is representing that he has a good-faith reason for believing what he is saying, but acknowledging that his allegations are "based on secondhand information that [he] believes to be true." *Id*. Even when the Plaintiff does not expressly use the term "on information and belief" in its Complaint, if the allegations fall squarely within the term, then the allegations will be construed as such. *Id*.

Plaintiff argues that Rule 9(b) does not apply and that it should get the benefit of Rule 8 of the Federal Rules of Civil Procedure, very much like the Plaintiff in the *Pirelli* case. When a claim alleges an unfair practice without fraud, the relaxed pleading standards of Rule 8 do indeed govern. *Pirelli* at 446, citing *Windy City Metal*

*Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs., Inc.,* 536 F.3d 663, 670 (7th Cir.2008).

However, the practices alleged our Complaint are tantamount to fraudulent activity; therefore Rule 9(b) applies to allegations. *Pirelli* at 446-447, citing *Borsellino v. Goldman Sachs Grp., Inc.,* 477 F.3d 502, 507 (7th Cir.2007) ("A claim that `sounds in fraud'—in other words, one that is premised upon a course of fraudulent conduct—can implicate Rule 9(b)'s heightened pleading requirements."). Paragraph 44 alleges that Defendants intentionally concealed the identity of the owner of the website, the provider of the site content and the purpose of the website. What Plaintiff alleges here is fraud predicated on either a misrepresentation or an omission. *See Pirelli* at 447, citing *United States v. Stephens,* 421 F.3d 503, 507 (7th Cir.2005) (fraud embraces half-truths "that the defendant knows to be misleading and which the defendant expects another to act upon to his detriment and the defendant's benefit"); *McClellan v. Cantrell,* 217 F.3d 890, 893 (7th Cir.2000) (fraud includes misrepresentations, misleading omissions and "embraces all the multifarious means which human ingenuity can devise and which are resorted to by one individual to gain advantage over another by false suggestions or by the suppression of truth").

Plaintiff's allegations are insufficient under Rule 9(b). A plaintiff who bases allegations of fraud on information and belief bears the burden of pleading plausible grounds for suspecting that the defendant was engaged in a fraudulent scheme. *Pirelli* at 447. Plaintiff here has not shouldered that burden, and its complaint should be dismissed as a result.

ii. **Plaintiff Has not Sufficiently Alleged The Deceptive Website Scheme Occurs Primarily and Substantially In Illinois as Required under *Avery*.**

Plaintiff's memorandum seems to ignore Defendants' careful analysis of the *Avery* standards being applied in this Court. The District Court outlined the *Avery* standard in *Vulcan Golf, LLC v. Google Inc.*, 552 F.Supp.2d 752 (N.D. Ill. 2008). "Obviously, at this stage of the proceedings, any in-depth factual inquiry is inappropriate. Rather, the Court must look to whether the allegations of the complaint are factually sufficient such that one could plausibly conclude that the

circumstances that relate to the disputed transaction (i.e., the alleged deceptive domain scheme) occurred primarily and substantially in Illinois." *Id.*

Here in this case, Plaintiff has not alleged that the deception by Defendants occurred primarily and substantially in Illinois. It seems unlikely to be able to amend to allege this, either because, if true, the Defendants' activities all occurred in California where the Defendants are situated.

Plaintiff's pleading has not met the requirements set forth in *Avery,* as applied to in *Vulcan Golf*. Therefore Plaintiff's pleading for the Consumer Fraud Act count fails to state a cause of action upon which relief can be granted.

D. **Plaintiff's Trade Defamation Count Fails Because Plaintiff has not Alleged that Defendants Published Untrue or Misleading Statements that Disparaged Plaintiff's Services.**

  i. **Plaintiff Raised a Trade Defamation Claim When It Meant A Defamation Claim, and the Two are Two Separate Causes of Action Under Illinois Law.**

Defendants are unclear as to what cause of action Plaintiff is trying to allege. Plaintiff's count is entitled Trade Defamation, but under Illinois law, there are two separate causes of actions for defamatory statements against a business: defamation and product disparagement. Illinois courts recognize the two causes of actions as separate and distinct. *Peaceable Planet, Inc. v. Ty, Inc.,* 362 F. 3d 986, 993-94 (7th Cir. 2004); citing *Brown & Williamson Tobacco Corp. v. Jacobson,* 713 F.2d 262, 269 (7th Cir.1983) (Illinois law); *Crinkley v. Dow Jones & Co.,* 67 Ill.App.3d 869, 24 Ill.Dec. 573, 385 N.E.2d 714, 719 (1978); *Boule v. Hutton,* 328 F.3d 84, 94 n. 8 (2d Cir.2003); W. Page Keeton, et al., *Prosser and Keeton on the Law of Torts* § 128, p. 964 (5th ed.1984).

Trade defamation is recognized as commercial disparagement in Illinois, and is defined in §§2(a)(7) and 2(a)(8) of the Illinois Uniform Deceptive Trade Practices Act (IUDTPA), 815 Ill. Comp. Stat. 510/2. To state a claim for commercial disparagement under §2(a)(8), a plaintiff must allege that the defendant made specific statements "disparag[ing] the goods, services, or business of another by false or misleading

representation of fact." 815 Ill. Comp. Stat. 510/2(a)(8); *accord Stenograph Corp.* v. *Microcat Corp.,* No. 86 C 10231, 1989 WL 99543, at *4 (N.D. Ill. Aug. 22, 1989). Similarly, under section 2(a)(7), a plaintiff must allege that the defendant "represented that goods or services are of a particular standard, quality, or grade or that goods are a particular style or model, if they are of another." 815 Ill. Comp. Stat. 510/2(a)(7).

Plaintiff has not alleged Defendants represented its services are of a particular standard, quality or grade in its complaint. In ¶44 of the Complaint, Plaintiff did allege Defendant made certain statements about Plaintiff's business practices, but Plaintiff has not alleged Defendant's statements are false. Plaintiff raised the falsity of Defendant Castello's statement only in its supporting Memorandum, but not in the text of the Complaint.

If Plaintiff means to allege that Defendants' statements hurt Plaintiff's reputation, rather than that they disparaged the quality of Plaintiff's services to its clients, Plaintiff should bring an ordinary defamation cause of action – no different than personal defamation. If Plaintiff is complaining that Defendants impugned the quality of Plaintiff's services, then commercial disparagement is the proper cause of action under Illinois law.

Therefore, Plaintiff's trade defamation cause of action must be dismissed for failure to state a claim upon which relief may be granted.

ii. <u>Even If The Court Considers Plaintiff's Trade Defamation Claim as a Defamation Claim under Illinois Law, Plaintiff's Cause of Action Must Fail Because Plaintiff Has not Alleged Defendant's Statements Being False.</u>

To allege defamation under Illinois law, a plaintiff must allege that the defendant made a false statement about the plaintiff, there was an unprivileged publication to a third party by the defendant, and the publication damaged the plaintiff." Ptasznik v. St. Joseph Hosp., 464 F. 3d 691, 698(7th Cir. 2006), citing *Popko v. Cont'l Cas. Co.,* 355 Ill.App.3d 257, 291 Ill.Dec. 174, 823 N.E.2d 184, 188 (Ill.App.Ct.2005). Illinois law does not have any separate standards of proof for

defamation between corporation and other plaintiffs. *Brown & Williamson Tobacco Corp. v. Jacobson*, 713 F. 2d 262, 269 (7th Cir. 1983).

Plaintiff has not alleged that Defendants' statements were false in its Complaint, thus failing to meet the first required element of defamation according to Illinois law. The 7th Circuit Court of Appeals used the standard defined in *Popko* in cases of defamation law. See *Ptasznik v. St. Joseph Hosp.*, 464 F.3d 691, 698 (7th Cir. 2006). Therefore, Plaintiff has not properly alleged any defamatory statements and therefore fails to plead a cause of action upon which relief can be granted.

Even if Plaintiff had alleged the statements are false, Plaintiff needs to go a few more steps beyond the Complaint in order to state a proper cause of action of defamation under Illinois law. An Illinois defamation action may state a claim either for defamation *per se* (statements so harmful to reputation that damages are presumed) or defamation *per quod* (statements requiring extrinsic facts to show their defamatory meaning). *Muzikowski v. Paramount Pictures Corp.*, 322 F.3d 918, 924 (7th Cir. 2003).

Additionally, *Muzikowski* also held that defamation *per quod* cases in federal court must meet the heightened pleading requirements of rule 9(b) of Fed. R. Civ. P. *Muzikowski* at 924. Plaintiff cannot raise defamation *per quod* when it has not pleaded for special damages and pecuniary loss, when it has not specifically state the damages suffered in the Complaint.

If Plaintiff's Complaint is amended into a defamation *per se* cause of action, Plaintiff must allege Defendant's statements fall into one of the five categories of statements that Illinois considers actionable *per se*: (1) commission of a criminal offense; (2) infection with a venereal disease; (3) inability to perform or want of integrity in the discharge of duties of public office; (4) fornication or adultery; or (5) words that prejudice a party in her trade, profession, or business. *Muzikowski* at 924. Additionally, to state a cause of action for defamation *per se* when the plaintiff is a corporation, the statements alleged "must assail the corporation's financial position or business methods, or accuse it of fraud or mismanagement." *Geske & Sons v. NLRB,* 103 F.3d 1366, 1373 (7th Cir. 1997) (quoting *Vee See Constr. Co. v. Jensen & Halstead, Ltd.,* 399 N.E.2d 278, 281 (Ill. App. Ct. 1979)).

Plaintiff has not alleged Defendants' statement is false in its Complaint, only in the subsequent Supporting Memorandum does Plaintiff claim the statements are false. Even with all these discussion regarding defamation, Plaintiff has not stated a cause of action for defamation *per se*.

2. <u>**Plaintiff's Copyright Claim Should be Dismissed Because Plaintiff Does Not Own Proper Copyright Ownership to The Content of Defendant Castello's Web Site.**</u>

Plaintiff is silent in its memorandum regarding Defendant's motion to dismiss Plaintiff's copyright infringement cause of action. In the motion to dismiss, Defendants argued that Plaintiff has not alleged copyright ownership to the content of Defendant's website, therefore failing to meet the elements to successfully state a cause of action for a copyright infringement. Because Plaintiff does not oppose Defendants' motion to dismiss the copyright claim, the Court should grant the motion to dismiss Plaintiff's copyright infringement claim.

### III. <u>CONCLUSION</u>

For the foregoing reasons, Defendants request that this Court dismiss all counts of the Complaint with prejudice. Alternatively, if the court believes Plaintiff might be able to correct the complaint with factually true amendments, the Complaint may be dismissed without prejudice allowing Plaintiff to amend, file and re-serve a First Amended Complaint.

Respectfully Submitted,

Dated: October 4, 2011

COUNSEL FOR DEFENDANTS<br>
JOSE MIGUEL CASTELLO AND<br>
ABSOLUTELYNEW, INC.<br><br>
_____/s/_____<br>
Anthony R. Flores<br>
tflores@absolutelynew.com<br>
650 Townsend Street, Suite 475<br>
San Francisco, CA 94103<br>
(415) 865-6200 ext. 1123

## **PROOF OF SERVICE**

I am employed in the City and County of San Francisco, State of California. I am over the age of eighteen years and not a party to the within action; I am employed by AbsolutelyNew, Inc. and our business is located at 650 Townsend Street, Suite 475, San Francisco, California 94103.

On October 4, 2011, I caused to be served a true and correct copy of: **DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS [FRCP 12(B)(6)]** on Plaintiff by placing a true and correct hard copy thereof enclosed in via sealed envelope to the addressed as follows:

Robert W. Gray, Sr.
The Gray Law Group, Ltd.
9219 S. Indianapolis Blvd., Suite A
Highland, Indiana 46322
Fax: (866) 277-8885 Email: robertgray2@gmail.com

___     (BY MAIL) The envelope was mailed with postage thereon fully prepaid U.S. Mail. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. It is deposited with U.S. Postal Service on that same day. I am aware that on motion of a party served, service is presumed invalid if the postal cancellation date is more than one day after date of deposit for mailing an affidavit.

___     (BY PERSONAL SERVICE) I delivered such envelope by hand to the office of the addressee listed above.

___     (BY EXPRESS MAIL/OVERNIGHT DELIVERY) I deposited the foregoing during normal business hours with an authorized service providing and ensuring overnight delivery of the foregoing and with the full postage or charges for such fully prepaid

XX     Via E-Mail to the e-mail address of the addressee listed above in the CM/ECF electronic filing system of the U.S. District Court.

___     Via Facsimile to the fax number of the addressee listed above.

XX     (FEDERAL) I declare that I am a member of the bar of the Federal court.

Date:   October 4, 2011                                    /s/
                                                    Anthony R. Flores