**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT ILLINOIS EASTERN DIVISION**

| | |
|---|---|
| Invent WorldWide Consulting, LLC<br>An Illinois Limited Liability Company;<br>Plaintiff,<br><br>vs.<br><br>AbsolutelyNew, Inc., a California Corp.;<br>Jose Miguel Castello, Individually and<br>d/b/a "SellMyInventionIdea.com"; Michael<br>Torbert, Individually and d/b/a Semper Fi<br>Web Design, and Unknown John Does;<br>Defendants. | DEFENDANTS' SUPPLEMENTAL MEMORANDUM RE DISMISSAL OF TRADEMARK INFRINGEMENT COUNT<br><br>Case No.    11-CV-01619<br><br>Judge Rebecca Pallmeyer<br><br>Magistrate Judge Arlander Keys |

## I. INTRODUCTION

Come now, Defendants JOSE CASTELLO ("Castello") and ABSOLUTELYNEW, INC. ("ANI") who, by their attorney Anthony R. Flores, present this Supplemental Memorandum In Support of Dismissal of Plaintiff's Count for Trademark Infringement.

In light of Plaintiff's request that the Court dismiss the Trademark Infringement Count of its Complaint received earlier today, Defendants will not burden the Court or Plaintiff by filing the extensive Memorandum we had prepared.

## II. ARGUMENT

Nonetheless, the obnoxiousness and irrelevance of everything following the first paragraph of Plaintiff's SurResponse requires a response.  Defendants therefore ask the Court to strike the entire SurResponse, excepting only the introductory paragraph.  The remainder of the SurResponse consists of irrelevant, inadmissible and

unsupported factual allegations and arguments. These arguments attempt to support Plaintiff's State Consumer Fraud Count and its Federal Unfair Competition Count.[1] At the end of the last hearing Plaintiff's counsel asked the court order that the supplemental briefs regarding the newly discovered trademark failure be strictly limited to trademark related arguments. Defendants agreed. The court's resulting order allowed the parties only to "make further submissions on issue of trademark registration." Court's October 12, 2011 Minute Order, Document No. 79

Despite his request in open court, Plaintiff's counsel has used all but the first paragraph of his SurResponse as an attempt to bolster his weak Opposition to Defendants' Motion to Dismiss.

Defendants therefor ask the court to strike all but the first paragraph of Plaintiff's SurResponse as promised at the last hearing. If for some reason the Court is inclined to consider this evidence and these arguments, Defendants' request an opportunity to submit a further brief to address this unexpected and irrelevant evidence and argument.

### III. CONCLUSION

In light of the Parties' apparent agreement to dismiss them, the Court should dismiss the Trademark and Copyright Infringement and Trade Defamation Counts. The court should also strike all but the first paragraph of Plaintiff's SurResponse. For the reasons argued in Defendants other related papers, the Court should also dismiss with prejudice what remains of Plaintiff's defective Complaint. Finally, the Court should

---

[1] Plaintiff has apparently abandoned its Counts for Copyright Infringement and State Trade Defamation. These Counts are not mentioned at all in the SurResponse. Plaintiff does not argue for their continued viability as it inartfully does for its State Consumer Fraud Count and its Federal Unfair Competition Counts.

consider sanctions against Plaintiff and Plaintiff's counsel for the financial damage and wasted judicial resources they caused by their pervasive, continuous and long-term deception of Defendants and the Court.

Dated: November 10, 2011

Respectfully Submitted,
ABSOLUTELYNEW, INC.

_____/s/_____
Anthony R. Flores
Counsel For Defendants Jose Castello
and AbsolutelyNew, Inc.

tflores@absolutelynew.com
650 Townsend Street, Suite 475
San Francisco, California 94103
(415) 865-6200 x1123

## PROOF OF SERVICE

     I am employed in the City and County of San Francisco, State of California. I am over the age of eighteen years and not a party to the within action; I am employed by AbsolutelyNew, Inc. and our business is located at 650 Townsend Street, Suite 475, San Francisco, California 94103.

On November 10, 2011, I caused to be served a true and correct copy of:
**DEFENDANTS' SUPPLEMENTAL MEMORANDUM RE DISMISSAL OF TRADEMARK INFRINGEMENT COUNT**

on Plaintiff by placing a true and correct hard copy thereof enclosed in via sealed envelope to the addressed as follows:

Robert W. Gray, Sr.
The Gray Law Group, Ltd.
9219 S. Indianapolis Blvd., Suite A
Highland, Indiana 46322
Fax: (866) 277-8885 Email: robertgray2@gmail.com


___    (BY MAIL) The envelope was mailed with postage thereon fully prepaid U.S. Mail. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. It is deposited with U.S. Postal Service on that same day. I am aware that on motion of a party served, service is presumed invalid if the postal cancellation date is more than one day after date of deposit for mailing an affidavit.

___    (BY PERSONAL SERVICE) I delivered such envelope by hand to the office of the addressee listed above.

___    (BY EXPRESS MAIL/OVERNIGHT DELIVERY) I deposited the foregoing during normal business hours with an authorized service providing and ensuring overnight delivery of the foregoing and with the full postage or charges for such fully prepaid.

XX    Via E-Mail to the e-mail address of the addressee listed above in the CM/ECF electronic filing system of the U.S. District Court.

___    Via Facsimile to the fax number of the addressee listed above.

XX    (FEDERAL) I declare that I am a member of the bar of the Federal court.


Date:  November 10, 2011               /s/
                                                   Anthony R. Flores