IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT ILLINOIS EASTERN DIVISION

| | | |
|---|---|---|
| Invent WorldWide Consulting, LLC | ) | |
| An Illinois Limited Liability Company | ) | |
|     Plaintiff, | ) | |
| v. | ) | No. 1:11-cv-01619 |
| AbsolutelyNew, Inc., a California Corp.; | ) | |
| Jose Miguel Castello, Individually and | ) | |
| d/b/a "SellMyInventionIdea.com"; Michael | ) | Honorable Rebecca Pallmeyer, |
| Torbert, Individually and d/b/a Semper Fi | ) | Judge Presiding |
| Web Design, and Unknown John Does, | ) | |
|     Defendants. | ) | Arlander Keys, Magistrate |

**Plaintiff's Response to Defendants' Motion for Recovery of Attorney Fees**

Plaintiff, by and through its counsel, Robert Gray, requests the Court deny Defendants' Motion and Order the Clerk of the Court to forward the $10,000 currently on deposit to Plaintiff's counsel. Defendants' Motion utterly fails to object to either the reasonableness of the hourly rate or the reasonableness of the time submitted on a line-by-line basis. Even if objections had been filed, they would be futile.

**I.    Defendants' Objections to Attorney Fees are Waived**

Defendants attempt to argue, *exclusively in general argument fashion*, that any award of attorney fees is unreasonable. The law is clear that:

> Line-by-line review of counsel's billing records is, of course, a tedious process. Still, the court would expect counsel who challenge an opponent's billing as excessive to engage in that process rather than expecting the court to do so without guidance. *SKF USA, Inc., v. Dale H. Bjerkness, et al.* U.S. Dist Court N.D. IL No. 08C4709 (Pallmeyer, J.).

This is true because "Judges are not like pigs, hunting for truffles buried in briefs." *U.S. v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991). And, of course, "[ANI] must detail [its] objections to the fee petition such that the court can determine what portion

Page **1** of **8**

of the fees, if any, were not reasonably expended." *RK Co. v. See*, 622 F.3d 846, 854 (7th Cir. 2010).

Herein, Defendants have not even attempted to comply with the specificity requirements of Local Rule 54.3 and this Court should, "agree[s] with Plaintiff that Defendants' remaining objections to those expenses are waived by their failure to assert them in the Local Rule 54.3 process." *SKF USA, Inc. supra*; RK Co v. See 622 F.3d at 853-54.

## II. The Award is Reasonable

Even if Defendants had complied with the specificity requirement for objecting to attorney fees, those objections would be futile. The amount of time expended because of Defendants' delay was reasonable, the amount of time does not reflect the total time spent because of the Defendants' delay, nor does it reflect any additional out of pocket recoverable expenses incurred because of the Defendants' delay. Finally, the rate was actually paid by Plaintiff.

**A. The amount of time spent on delays was reasonable, is not the total time spent because of the Defendants' delays, and does not include any recoverable expenses incurred**

The amount of time spent because of the Defendants' delays was reasonable, the request does not cover all of the time spent because of Defendants' delays, and does not include any recoverable costs actually incurred. As such, there should be no reduction of the time spent and the Court should Order the Clerk of the Court to submit the $10,000 to Plaintiff through counsel.

1. ***A $10,000 award reflects a reasonable amount of time spent on Defendants' delays***

A $10,000 award for the Defendants' delays reflects a reasonable amount because of the time incurred from Defendants' delays. First, that amount reflects less than 1/3 of the amount Plaintiff actually incurred for this case up to the date of the billing. Second, Defendant has caused this entire litigation ~ and the numerous delays in this litigation. Third, Defendants' counsel himself has admitted ~ in several instances ~ that his "unfamiliarity with federal rules and practice" has caused delay and prejudiced Defendants.

First, Plaintiff submitted attorney fees for $35,087.50 for fees through August 23, 2011. This amount did not include the fourth scheduled prove-up hearing, arguments on Defendants' motion to vacate, or the drafting and arguing of the second contempt citation for failure to comply with Court Orders. The amount Ordered to be deposited, $10,000, is less than 1/3 of the amount of fees actually incurred up to August 23, 2011. Thus, the Court has already discounted the Plaintiff's fees dramatically.

Second, the entire litigation was caused by Defendants. Defendants posted a website that contains *actual false statements of material fact*. In addition, the entirety of the website, and several statements in the site, was meant to confuse and deceive the consumer to the Defendants' benefit.

Moreover, Plaintiffs' counsel attempted to resolve this matter without filing any complaint. No response from Defendants. Then, counsel tried to resolve the matter with the intervention of the website host. The only response from Defendant was to

inflame the situation with further false and derogatory comments on the site. Then, after the Defendants' delays, Plaintiff attempted to settle this matter ~ very early on ~ for the paltry sum of $35,000. Defendant not only rejected that offer but claimed (falsely as Defendant now admits) that such an amount would bankrupt the Defendant.

In the end, the record reflects several hearings where Defendants were served but did not attend, service of process that was accepted by Attorney Flores and then later objected to by Attorney Flores, several lengthy motions to dismiss or to vacate default order, several continued prove-up hearings caused by Defendants failure to comply with Court Orders requiring production of documents, several continuances of hearings on Motion to Vacate for Defendants' failure to tender funds Ordered by the Court prior to hearing the Motion, and several Motions on sanctions for failure to comply with Court Orders. In short, this entire litigation ~ and the many delays herein ~ is at the feet of the Defendant and it should not be now allowed to claim otherwise.

Third, much of the delay is caused by Attorney Flores self-admitted "lack of familiarity with the federal rules of procedure" and total lack of concern for this Court's local rule. For instance, Defendants' Motion claims the delays were caused by Plaintiff because Plaintiff failed to file a timely response to some of Defendants' Motions. This statement has also come from Attorney Flores in many instances in open court. The fact is, this Court does not have a pre-set number of days to respond to a Motion and, until the Court Orders such time, there is no untimely filing. Additionally, Defendants' counsel claims Plaintiff has improperly claimed "top line damages" and argues Plaintiff's claim has caused delays. Of course, the Lanham Act itself ~ and a mountain

of case law interpreting the Act ~ specifically state the Plaintiff need only prove gross sales. Defendants' arguments are naïve, factually false, and unavailing.

In summary, the award of $10,000 is reasonable because the time was reasonably spent, the entirety of the litigation was caused ~ and the delays continue ~ because of the Defendants' actions, and much of the delay is at the feet of Defendants' counsel, by his own admission.

   2. *The $10,000 does not provide any money for the numerous Contempt Citations for Failure to Comply with this Court's Orders ~ or any time after August 23, 2011*

The $10,000 does not compensate the Plaintiff for any of the time or expense in bringing several contempt citations against Defendant for failure to comply with this Court's Orders. The time submitted to the Court did not include all of the time Plaintiff's counsel has spent on this case ~ none in the last three months. *Most notably, Plaintiff has been required to bring three separate contempt citation motions and should have brought an additional three.*

On July 12, 2011, the Court Ordered Defendants to produce discovery by August 1, 2011. Instead, Defendants filed a Motion for a Protective Order deemed "moot" as Plaintiff did not challenge an "attorney's eyes only order" for the discovery other than the gross sales figure. On August 1, 2011, the Court Ordered Defendants to produce gross sales figures within 48 hours. Defendants failed. On August 18, 2011 the Court Ordered Defendants to pay $30,572.50 before August 22, 2011. Defendants failed. On August 25, 2011, the Court Ordered Defendants to pay $30,572.50. Defendants failed. Finally, the Court asked Defendants' counsel what amount Defendants could actually

pay and when it could be paid. Counsel admitted it could pay $10,000 by September 19. Defendants failed.

Yet, much of this time was *not* submitted with the fee statement. *Indeed, no time after August 23 appears in the fee statement under question.* Thus, even if the Court were to find that some of the fees already submitted are not attributable to the Defendants, it is clear the Plaintiff would have to submit a new fee statement to include the scores of hours after the August fee statement to collect on the additional time wasted by these Defendants for their willful disregard of a litany of Court Orders. This, Plaintiff submits, would simply be an additional waste of time and the Court should, rather, admit the $10,000 is reasonable and Order the same paid to Plaintiff.

### 3. *None of the expenses incurred to date are included in the fee statement*

In addition to the fact that the amount in question is less than 1/3 of the amount submitted, the amount in question does not account for the totality of the time already paid by Plaintiff, *the amount in question does not include any of the recoverable expenses Plaintiff has incurred.*

It is axiomatic that, in addition to the recovery of reasonable attorney fees, Plaintiff should be entitled to a recovery of its reasonable out of pocket expenses incurred because of the Defendants' delays. Such amounts should include, for example, additional travel costs, additional costs of services for failure to waive, additional costs of postage and delivery of the litany of documents required to be spent by Plaintiff to attempt to gain Defendants' attention and actually, legitimately defend this action.

Yet, to date, Plaintiff has not sought recovery for those reasonable expenses. And, as such, it is clearer that the $10,000 should not be reduced.

### B. The rate is reasonable as it reflects the amount paid

Defendants do not, and cannot object to the rate of $350 per hour as it is the contracted for amount and the market rate for services. Moreover, it is the amount actually paid by Plaintiff. "The best evidence of whether attorney's fees are reasonable is whether a party has paid them." *Cintas Corp. v. Perry*, 517 F.3d 459, 469 (7th Cir. 2008). As such, Plaintiff submits, this Court should not reduce the amount at all and should, instead, award the $10,000 to Plaintiff.

### III. Conclusion

In Conclusion, the Court should Order the Clerk to transfer the sum of $10,000 to Plaintiff, through counsel, as a reasonable amount to compensate Plaintiff for Defendants continued delay in this action. Defendants have *generally objected* to the fees and such general objections are the equivalent of waiver under the Local Rules, the case law of the Seventh Circuit, and the rulings of this Court.

Even if the Defendants had not waived their objections, those objections would be futile as the time and the rate are reasonable and entirely attributable to Defendants. The Defendants caused this litigation with their illegal website, they failed to abide the Federal and Local Rules, as Defendants' counsel has repeatedly admitted, and they have continually failed to comply with this Court's Orders. The amount requested is less than 1/3 of the amount submitted, the amount submitted does not include the totality of the time expended, and, includes none of the recoverable expenses. As such,

the time spent is reasonable. Further, the rate and the time were actually paid by the Plaintiff and therefore, it is the reasonable market rate.

Plaintiff requests the Motion be denied, the Clerk be Ordered to transfer the money to Plaintiff's counsel, and for all other relief proper under the premises.

                Respectfully Submitted,

                /s/ Robert W. Gray, Sr.

                Attorney for Plaintiff,
                Invent Worldwide Consulting, LLC

The Gray Law Group, Ltd.
Robert Gray (26381-45)
9219 S. Indianapolis Blvd., Ste A
Highland, Indiana 46322
(219) 961 – 8318
Fax (866) 277 – 8885
RobertGray2@Gmail.com