## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Rebecca R. Pallmeyer *RRP* | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 1619 | **DATE** | 9/19/2012 |
| **CASE TITLE** | Invent WorldWide Consulting, LLC vs. AbsolutelyNew, Inc., et al | | |

**DOCKET ENTRY TEXT**

Written Opinion. Defendant's motion to dismiss (52) is granted in part and denied in part. Counts I and II are dismissed. Counts III, IV, and V survive this motion. Defendants are directed to file their answer to those counts within 21 days. Status conference is set for October 26, 2012, at 9:30 a.m. Parties are directed to meet prior to the status to discuss a possible settlement. (For further details see minute order.)

■[ For further details see text below.]   Notices mailed by Judicial staff.

## STATEMENT

Plaintiff Invent Worldwide Consulting, LLC, alleges that Defendant, AbsolutelyNew, Inc., posted false and defamatory statements concerning Plaintiff on Defendant's website. Defendant moves to dismiss the five-count complaint. For the reasons described here, the motion is granted in part and denied in part.

### FACTS

Plaintiff Invent Worldwide Consulting, LLC, is in the business of "consulting with inventors of ideas to assist them in obtaining legal protection for their idea, and to locate manufacturers and retailers who may be interested in the new product." (Complaint [1], ¶ 2.) Defendant Absolutely New, Inc., a California corporation, is engaged in a similar business (Complaint ¶ 6) and operated a website, www.SellMyInventionIdea.com., on which it posted disparaging and allegedly false information concerning Plaintiff's business. Specifically, the website included a copy of Plaintiff's trademark, followed by this language suggesting that the testimonials that appear on Plaintiff's website are phony:

> This company has been in business for only 7 months, but the testimonials on their website are from customers that have been satisfied with them for over 3 years in some cases. Obviously these are fake testimonials. This company is lying to misrepresent their potential clients, they're not certified by the BBB or the United Inventors Association. Invent Worldwide Consulting has scam and fraud written all over it! Here is the link to their "testimonials."
> http://inventworldwide.com/testimonials.html

(Complaint, ¶ 41; Exhibit D.) After Plaintiff complained, Defendant removed Plaintiff's logo from its website, but added the following language:

> We cannot post up the testimonials that are clearly fake because of a copyright complaint from his company. Obviously they're not happy with this website exposing their shady business practices and protecting inventors from scams.

(Complaint, ¶ 39; Exhibit G.) Plaintiff alleges, in addition, that a google search for its own name, "Invent Worldwide Consulting" can take the user to the SellMyInventionIdea site with its false and disparaging

**STATEMENT**

comments about Plaintiff's services; Plaintiff believes that Defendant engineered this result by using Plaintiff's trademark in the source code for Defendant's own website. (Complaint ¶ 38.) One of Plaintiff's clients, an inventor, reported that a representative of Defendant spoke to the client by telephone and told the client that Plaintiff was a "scam" and a "clearinghouse," reducing the client to tears. (Complaint, ¶¶ 52, 53.)

**DISCUSSION**

Plaintiff alleges Defendant's conduct supports five claims: copyright infringement (Count I); trademark infringement (Count II); unfair and deceptive business practices in violation of the Lanham Act (Count III); a violation of the Illinois Consumer Fraud and Deceptive Business Practices Act (Count IV); and "trade defamation" (Count V). Defendant moves to dismiss all five of these counts pursuant to FED. R. CIV. P. 12(b)(6). The court addresses each claim briefly.

The copyright claim requires little discussion. To state a claim for direct copyright infringement, a plaintiff must allege facts setting forth (1) ownership of a valid copyright in a work and (2) the copying of elements of the work that are original. *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, (1991). Plaintiff in this case has not identified any copyrighted work, nor has Plaintiff alleged copying of any original elements of any copyrighted material. Indeed, as Defendant points out (Defendants' Reply Memorandum [73] at 2), Plaintiff's response to the motion to dismiss made no mention of the copyright infringement count. That claim (Count I) is dismissed.

Plaintiff has alleged a protectable trademark, but the court concludes the allegations are nevertheless insufficient to support a trademark infringement claim. To prevail on such a claim under the Lanham Act, 15 U.S.C. § 1125(a) or at common law, a plaintiff must demonstrate that it has a protectable trademark and that the defendant's use of the mark is likely to cause confusion among consumers. *Promatek Industries, Ltd. v. Equitrac Corp.*, 300 F.3d 808, 811 (7th Cir. 2002); *Jim Mullen Charitable Foundation v. World Ability Federation, NFP,* 395 Ill. App.3d 746, 753, 917 N.E.2d 1098, 1104 (1st Dist. 2009). Plaintiff and Defendant AbsolutelyNew are competitors. Plaintiff here has alleged that Defendants AbsolutelyNew and its principal, Defendant Jose Costello, have made false and disparaging statements concerning the nature and quality of the services provided by Plaintiff. Nothing about these allegations supports the conclusion that AbsolutelyNew has attempted to use Plaintiff's mark as its own or that consumers will otherwise be confused by the source of the services either party provides. Plaintiff's trademark infringement claim (Count II) is also dismissed.

Plaintiff's remaining claims stand on more solid ground. The court understands Count III as a claim of false advertising under section 43(a) of the Lanham At, 15 U.S.C. § 1125(a). To establish such a claim, Plaintiff will be required to show that Defendant made a false or misleading statement, involving goods or services in interstate commerce, that actually or is likely to deceive a substantial segment of the advertisement's audience. 15 U.S.C. § 1125(a)(1); *B. Sanfield, Inc. v. Finlay Fine Jewelry Corp.*, 168 F.3d 967, 971 (7th Cir.1999). Additionally, the statement must involve a subject material to the decision to purchase the goods or services and must result in actual or probable injury to the plaintiff. *Id*. The false statement may be one that is literally false as a factual matter or one that is ambiguous but conveys a false or misleading impression in context. *Hot Wax, Inc. v. Turle Wax*, 191 F.3d 813, 819 (7th Cir. 1999).

Contrary to Defendants' argument (Defendants' Reply Memorandum [73], at 7), Plaintiff has indeed alleged false statements: Plaintiff contends that Defendants falsely referred to the testimonials that appear on Plaintiff's own website as "clearly fake." Although Plaintiff has not specifically alleged that its testimonials are not "fakes," the court assumes Plaintiff will offer evidence that its own satisfied customers are the source of those posted testimonials. If Defendants' statements are literally false, Plaintiff may not be required to show that customers were actually deceived. *B. Sanfield*, 168 F.3d at 971. Here, however, Plaintiff has alleged that at least one customer was troubled by Defendant's statements that Plaintiff was a "scam." The motion to dismiss Count III is denied.

For similar reasons, Plaintiff's allegations are, on their face, sufficient to state a claims under the Illinois Consumer Fraud and Deceptive Trade Practices Act, 815 ILCS 505/2 (Count IV) and the Illinois Uniform Deceptive Trade Practices, 815 ILCS 510/2(a)(8) (Count V). First, the Consumer Fraud Act: To

## STATEMENT

make a case under that Act, a plaintiff must show that the defendant "engaged in a deceptive act or practice, (2) with the intent that a party (including the consumer) rely on the deception, (3) while engaged in trade or commerce." *B. Sanfield*, 168 F. 3d at 970 (collecting cases). The statute does not require a showing of actual reliance, nor does it require "proof that anyone was actually deceived or damaged," so long as the alleged false statement is capable of deceiving someone. *Id.* at 971.

Defendants have made two challenges to the Consumer Fraud claim. First, Defendants urge that the allegations are insufficient to meet the heightened pleading standard imposed by FED. R. CIV. P. 9(b) to the extent they rest on Plaintiff's "information and belief." Assuming that pleading standard applies here (*Sotelo v. Direct Revenue, LLC*, 384 F. Supp,.2d 1219, 1233-34 (N.D. Ill. 2005) suggests otherwise), the court finds it satisfied. Plaintiff's false statement allegations are not based on information and belief; Plaintiff has alleged specifically that false statements appeared on the AbsolutelyNew website, and that Defendants made false disparaging statements to one of Plaintiff's own customers.

Defendants' remaining objection rests on language from the Illinois Supreme Court's opinion in *Avery v. State Farm Mut. Auto Ins. Co.*, 216 Ill.2d 100, 187, 835 N.E.2d 801, 850 (2005) to the effect that a claim under the Consumer Fraud Act must arise from circumstances that "occur primarily and substantially in Illinois." As this court reads *Avery*, however, the Illinois Supreme Court used that language to interpret the Consumer Fraud Act broadly, rejecting a more narrow interpretation, one that would have required a showing that a consumer had been deceived within the state. If anything, Plaintiff here, an Illinois-based business, has met that more narrow interpretation by suggesting that its own customers were or could be deceived. The motion to dismiss Count IV is denied.

Count V is a claim for "trade defamation." The court interprets this claim as arising under the Illinois Deceptive Trade Practices Act, which is understood to codify the common law tort of commercial disparagement. *See Conditioned Ocular Enhancement, Inc.v. Bonaventura*, 458 F. Supp.2d 704, 710 (N.D. Ill. 2006), citing *Crinkley v. Dow Jones & Co.*, 67 Ill. App.3d 869, 385 N.E.2d 714, 719 (1st Dist. 1978). The Act provides that a person "engages in a deceptive trade practice when, in the course of his or her business . . . the person . . . (8) disparages the goods, services or business of another by false or misleading representations of fact; . . . ." The allegations of false statements that underly Plaintiff's Lanham Act claim are also sufficient to state claims under these state law theories. Indeed, courts recognize that claims for unfair competition and deceptive business practices that arise under the both the Consumer Fraud and the Deceptive Trade Practice statutes are evaluated using Lanham Act principles. *Cf. Platinumtel Communications, LLC, v. Zefcom, LLC*, No. 08 C 1062, 2008 WL 5423606, *8 (N.D. Ill. Dec. 30, 2008). In arguing for dismissal of Count V, Defendants argue, again, that Plaintiff has not alleged that Defendant's statements are false. Again, the court disagrees. Plaintiff has alleged that Defendants called Plaintiff's business practices "shady," characterized the testimonials appearing on Plaintiff's website as "fake," and told one of Plaintiff's clients that Plaintiff's business is nothing more than a "scam" and a "clearinghouse." Plaintiff may not have specifically alleged that these statements are false, but the court infers Plaintiff will prove as much. The motion to dismiss Count V is denied.

## CONCLUSION

Defendant's motion to dismiss (52) is granted in part and denied in part. Counts I and II are dismissed. Counts III, IV, and V survive this motion. Defendants are directed to file their answer to those counts within 21 days. Status conference is set for October 26, 2012, at 9:30 a.m. Parties are directed to meet prior to the status to discuss a possible settlement.